IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DANTONIO DAVIS, #181878, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:15-CV-714-WKW |
| ) | [WO] |
| ) | |
| OFFICER CENTAURIAD OLDS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This 42 U.S.C. § 1983 action is before the court on a complaint in the name of Dantonio Davis ("Davis"), a state inmate, alleging violations of his constitutional rights by correctional officials at the Donaldson Correctional Facility ("Donaldson"). *Compl. - Doc. No. 1* at 3-5. Specifically, Davis asserts that four correctional officers "beat and struck [him] with security sticks" over 900 times resulting in his treatment at Cooper Green Hospital, "free world hospital, where he had a broken arm in (3) places . . . staples in the head and (3) or (4) teeth[] was knocked out." *Id.* at 5.

A review of the instant complaint demonstrates that this pleading contains strikingly similar handwriting and virtually identical claims to numerous cases filed by James M. Broadhead, an inmate who is also currently confined at Donaldson, filed in both this court and the United States District Court for the Northern District of Alabama. The most recent such case, *Broadhead v. Olds, et al.*, 2:15-CV-715-WKW-TFM, was filed by Broadhead with

this court on September 28, 2015 at precisely the same time Davis, presumably, filed the present cause of action.[1] This court has also determined that the United States District Court for the Northern District of Alabama received an almost identical complaint with Davis listed as the plaintiff on September 21, 2015. *See Davis v. Olds, et al.*, Civil Action No. 2:15-CV-1646-VEH-TMP. In that case, the court issued an order on September 28, 2015 requiring Davis to "notify the court, **in writing and under of penalty of perjury**, within fifteen (15) days whether the allegations stated in the complaint are his own." *Id. - Doc. No. 2*.

Upon review of the factual allegations presented in the complaint filed herein and under the circumstances surrounding this cause of action, the court concludes that this case should be transferred to the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1404.[2]

## II.  DISCUSSION

A 42 U.S.C. § 1983 civil action "may be brought . . . in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or

---

[1] Due to his filing in excess of three frivolous or malicious federal civil actions, Broadhead is in violation of the "three strikes" provision set forth in 28 U.S.C. § 1915(g) and, as such, he is not allowed to proceed *in forma pauperis* unless he makes a showing of "imminent danger" at the time he initiates a case. Hence, this court and the United States District Court for the Northern District of Alabama have summarily dismissed several complaints submitted by Broadhead as he failed to establish entitlement to the "imminent danger" exception contained in 28 U.S.C. § 1915(g) and did not submit payment of the filing fee at the time he initiated the cases.

[2] Davis did not file an application for leave to proceed *in forma pauperis* nor did he submit payment of the requisite filing fee. Nevertheless, it is clear that any assessment and/or collection of the filing fee should be undertaken by the United States District Court for the Northern District of Alabama.

(3) a judicial district in which any may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). The law further provides that "[f]or the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought." 28 U.S.C. § 1404(a).

The Donaldson Correctional Facility is located within the jurisdiction of the United States District Court for the Northern District of Alabama. Thus, the use of force challenged in the complaint occurred in the Northern District of Alabama. Additionally, all of the individuals named as defendants reside in the Northern District of Alabama. Consequently, the claims presented in the complaint are beyond the venue of this court. However, it is clear from the face of the complaint that the proper venue for this cause of action is the United States District Court for the Northern District of Alabama.

In light of the foregoing, the court concludes that in the interest of justice and for the convenience of the parties this case should be transferred to the United States District Court for the Northern District of Alabama for review and disposition.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 1404. It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **October 14, 2015**.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*).  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Done this 30th day of September, 2015.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE